# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| JUDITH L. CLARK,<br><br>　　　　Plaintiff,<br><br>v.<br><br>THE CMI GROUP, INC. d/b/a A to Z CALL CENTER SERVICES, LLP,<br><br>　　　　Defendant. | Case No.  4:22-cv-00119<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET SEQ.;**<br><br>**2. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.;**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff JUDITH L. CLARK ("Plaintiff"), by and through her undersigned counsel, complaining of THE CMI GROUP, INC d/b/a A to Z Call Center Services, LLP ("Defendant"). as follows:

## NATURE OF ACTION

1. Plaintiff brings this action against THE CMI GROUP, INC. seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 *et seq.*, and violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq.*

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA and FDCPA.

3. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §1331, as the action arises under the laws of the United States.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as THE CMI GROUP, INC. resides in the Eastern District of Texas.

1

## PARTIES

5.  Plaintiff is a natural person over 18-years-of-age who, at all times relevant, resided and was domiciled in Tennessee.

6.  Defendant is a Texas company with its registered office address in Plano, Texas, and it specializes in providing debt collection services to its clients in the financial services industry. Defendant regularly and systematically does business in Tennessee and across the United States. Defendant regularly attempts to collect debts allegedly owed by consumers residing in Tennessee.

7.  Pursuant to Defendant's own website, "CMI delivers outstanding revenue cycle and account receivable management". [1]

## FACUTAL ALLEGATIONS

8.  In or around the year 2020, Plaintiff started receiving monthly services from Charter Communications, Inc. d/b/a Spectrum ("Spectrum"), which generates a monthly billing statement ("Statement").

9.  The Statement includes a day grace period for payments within which Plaintiff could make payments without any ramifications.

10.  Plaintiff has always made the payment before the expiration of the grace period with the exception of the payment for March 2021.

11.  In regard to the March 2021 payment, Plaintiff never received a monthly statement for March 2021 and overlooked the payment.

---

[1] https://www.thecmigroup.com/ last accessed on February 21, 2022

12. Shortly after the March 2021 payment was due, a party purporting to be "Spectrum" started placing collection calls to Plaintiff's cellular phone number attempting to collect on a balance to Spectrum ("subject debt").

13. On March 19, 2021, once Plaintiff realized her error in non-payment, she went to a Spectrum store and paid the statement balance.

14. Unfortunately, Defendant, purporting to be Spectrum, continued to place collection calls to Plaintiff's cellular phone despite completing payment for the subject debt.

15. On several occasions, Plaintiff spoke with Defendant and advised that the March 2021 payment had already been made and she no balance to pay.

16. At all times relevant, Plaintiff believed the collection calls to have been placed by Spectrum.

17. Immediately after the collection calls began, Plaintiff made multiple oral requests that the collection calls cease during the phone calls she answered.

18. Notwithstanding Plaintiff's numerous oral requests that collection calls cease, the collection calls persisted.

19. During each phone call that Plaintiff answered, she was met by an approximate three-second pause prior to being connected to a live agent.

20. In addition to the collection calls, Plaintiff has been receiving pre-recorded messages from Defendant as well.

21. In total, Plaintiff has received a number of pre-recorded messages from Defendant.

22. Despite Plaintiff's requests that the collection calls cease, Defendant continued placing harassing collection calls to Plaintiff's cellular phone and leaving Plaintiff pre-recorded voice messages.

23. On May 27, 2021, Plaintiff initiated arbitration proceedings against Spectrum seeking redress for the abusive collection calls.

24. In the course of arbitration proceedings, Spectrum disclosed that it was "The CMI Group, Inc." that placed collection calls to Plaintiff on behalf of Spectrum.

25. Specifically, Plaintiff did not discover that it was Defendant that was placing the collection calls until November 1, 2021 when Spectrum responded to Plaintiff's interrogatories.

26. Upon information and belief, Defendant placed the calls to Plaintiff's cellular phone number using an automatic telephone dialing system that is commonly used in the debt collection industry to place calls to collect outstanding debts.

27. Prior to November 2021, Plaintiff could not have known it was actually Defendant that was placing the calls to her because Defendant's agents always identified themselves as "Spectrum" in the phone calls that Plaintiff answered.

28. At all times relevant, Defendant acted as an agent of Spectrum.

29. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

30. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, decreased daily productivity, aggravation that accompanies unwanted telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and functionality of her cellular phone, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her cellular phone.

31. Moreover, each time Defendant placed a telephone call to Plaintiff, Defendant

occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

## COUNT I
### Telephone Consumer Protection Act (47 U.S.C. §227 *et seq.*)

32. Plaintiff restates and realleges paragraphs 1 through 31 as though fully set forth herein.

33. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

34. Upon information and belief, the system used by Defendant to place calls to Plaintiff has the capacity to use a random or sequential number generator to determine the order in which to pick phone numbers from a preloaded list of numbers of consumers that are allegedly in default on their payments.

35. Accordingly, the system employed by Defendant has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

36. As pled above, Defendant used an artificial or prerecorded voice which automatically played upon Plaintiff answering the call or upon the call reaching Plaintiff's voicemail.

37. Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii) by placing numerous non-emergency calls, and pre-recorded calls and voicemails including but not limited to the aforementioned collection calls and pre-recorded messages, to Plaintiff's cellular telephone, utilizing an ATDS without Plaintiff's consent.

38. As pled above, Plaintiff revoked consent to be called on her cellular phone during

an answered call in March 2021.

39. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

40. Upon information and belief, Defendant has no system in place to document whether it has consent to contact consumers on their cellular phones.

41. Upon information and belief, Defendant has no policies and procedures in place to honor consumers' requests that collection calls cease.

42. Upon information and belief, Defendant knew its collection practices violated the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

43. As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

44. As a result of Defendant's knowing and willful violations of 47 U.S.C. §227(b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff, Judith L. Clark, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

b. an award of statutory damages of at least $500.00 for each and every violation;

c. an award of treble damages of up to $1,500.00 for each and every violation; and

d. an award of such other relief as this Court deems just and proper.

## COUNT II
### Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*)

45. Plaintiff restates and realleges paragraphs 1 through 44 as though fully set forth herein.

46. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

47. The subject debt that Defendant was attempting to collect is a "debt" as defined by FDCPA §1692a(5) because Plaintiff used the Spectrum accounts for personal purposes.

48. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

   a. **Violations of the FDCPA §1692c**

49. Defendant violated §1692c(a)(1) when it continuously called and Plaintiff after being notified to cease communications.

50. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone over and over after she demanded that it cease contacting her was harassing and abusive.

51. Even after being told to stop contacting her, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into making a payment on the subject debt despite having actual knowledge that Plaintiff did not want to receive any calls.

52. Furthermore, the enormous volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her into submission.

53. Defendant was notified by Plaintiff that its calls were not welcomed; As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to her.

   a. **Violations of FDCPA §1692d**

54. Pursuant to §1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

55. §1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any

person at the called number."

56. Defendant violated §§1692d and d(5) when it placed dozens of collection calls to Plaintiff's cellular phone number from March 2021 to present attempting to collect the subject debt.

57. Defendant's behavior of systematically calling Plaintiff's cellular phone number in an attempt to collect the subject debt was harassing and abusive.

58. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing the Plaintiff.

59. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made numerous requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

60. Defendant violated §1692d(6) by falsely identifying itself as "Spectrum" instead of identifying itself by its real name.

61. At no time during any communications with Plaintiff did Defendant notify Plaintiff that it was not actually Spectrum and merely calling on behalf of Spectrum. Such conduct is deceptive and is expressly prohibited by the FDCPA.

   b. **Violations of FDCPA §§1692f**

62. Pursuant to §1692f of the FDCPA, a debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt."

63. Defendant violated §1692f by employing unfair and unconscionable means to attempt to collect a debt by placing dozens of collection calls to Plaintiff's cellular phone number from March 2021 through present.

64. In addition, it was unfair that Defendant falsely identified itself as "Spectrum"

instead of identifying itself by its real name.

### c. Violations of FDCPA §1692e

65. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt.

66. Defendant violated §1692e by using false, deceptive, and misleading representation in connection to collection of the alleged debt.

67. The alleged debt was not owed at the time Defendant demanded payment from Plaintiff as the subject debt was paid by Plaintiff in March 2021.

68. Furthermore, Defendant violated §1692e(2) when it falsely misrepresented the character, amount, or legal status of the alleged debt as Defendant sought to collect a debt that Plaintiff was not legally obligated to pay after already completing a payment in March 2021.

69. Section 1692e(14) of the FDCPA specifically prohibits a debt collector from using any name other than the true name of the debt collector's business.

70. Defendant violated §1692e(14) by using a name other than the true name of its business when it falsely held itself out to be Spectrum during phone calls with Plaintiff.

**Intentionally Left Blank**

**WHEREFORE,** Plaintiff, Judith L. Clark, requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;
b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;
c. Awarding Plaintiff costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and
d. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: February 23, 2022

Respectfully submitted,

/s/ Victor T. Metroff
Victor T. Metroff, Esq.
Mohammed O. Badwan, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Vmetroff@sulaimanlaw.com
mbadwan@sulaimanlw.com